UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MULTICARE HEALTH SYSTEM,

    Plaintiff,

v.

WASHINGTON STATE NURSES ASSOCIATION,

    Defendant.

CASE NO. C16-5053BHS

ORDER DENYING DEFENDANT'S MOTION FOR CLARIFICATION AS MOOT AND GRANTING DEFENDANT'S MOTION TO AMEND JUDGMENT

This matter comes before the Court on Defendant Washington State Nurses Association's ("WSNA") motion for clarification of order (Dkt. 41) and motion to amend judgment (Dkt. 43). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL HISTORY**

On January 21, 2016, Plaintiff MultiCare Health System ("MultiCare") filed a complaint against WSNA seeking to vacate an arbitrator's decision and award. Dkt. 1 ("Comp.").

On May 12, 2016, WSNA filed a motion for summary judgment to confirm the decision. Dkt. 15. On May 31, 2016, MultiCare responded. Dkt. 23. On June 6, 2016, WSNA replied. Dkt. 26.

1      On June 16, 2016, MultiCare filed a motion for summary judgment to vacate the

2 decision. Dkt. 29. On July 5, 2016, WSNA responded. Dkt. 31. On July 8, 2016,

3 MultiCare replied. Dkt. 32.

4      On September 14, 2016, the Court requested additional briefing on certain issues.

5 Dkt. 33. On September 30, 2016, both parties filed supplemental opening briefs. Dkts.

6 34, 35. On October 7, 2016, both parties filed supplemental response briefs. Dkts. 36,

7 37.

8      On November 17, 2016, the Court granted both motions in part and denied both

9 motions in part. Dkt. 38. In relevant part, the Court affirmed the arbitrator's decision as

10 to liability but vacated the award as to remedies. *Id*. at 13. On November 18, 2016, the

11 Clerk entered judgment. Dkt. 39.

12      On November 30, 2016, WSNA moved for clarification on the issue of whether

13 the Court intended to remand the matter to the arbitrator for further proceedings on the

14 issue of remedies. Dkt. 41. On December 12, 2016, MultiCare responded and argued

15 that WSNA's motion is an unwarranted motion for reconsideration. Dkt. 42.

16      On December 15, 2016, WSNA filed a motion to amend judgment. Dkt. 43.[1] On

17 December 423, 2016, MultiCare responded. Dkt. 46. On December 30, 2016, WSNA

18 replied. Dkt. 47.

---

[1] In light of this motion, the Court denies WSNA's motion for clarification as moot.

## II. DISCUSSION

"Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.1995))

In this case, the issue before the Court is whether the judgment should be altered to state explicitly what the Court implicitly intended.  While MultiCare forcefully suggests that granting the motion would be an extraordinary remedy, the Court finds no harm in explicitly addressing the issue of further proceedings.  On the other hand, it would be a manifest injustice and a waste of resources to affirm the arbitrator's finding of liability and vacate the arbitrator's remedy with no further direction.  Therefore, the Court will address the merits of WSNA's motion.

"[W]hen the arbitrator's award may properly be vacated, the appropriate remedy is to remand the case for further arbitration proceedings." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 511 (2001) (citing *Paperworkers v. Misco, Inc.*, 484 U.S. 29, 40 n.10 (1987)).

In this case, the Court agrees with WSNA that the matter should be remanded for further proceedings.  MultiCare fails to cite any binding authority that contradicts *Garvey*.  Instead, it cites numerous authorities that are easily distinguishable. Dkt. 46 at 5–7.  For example, MultiCare cites *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*, 686 F.2d 731 (9th Cir. 1982), for the proposition that, once an award has issued, the arbitrator's jurisdiction is extinguished.  *Id*. *McClatchy*,

however, addressed the issue of whether an arbitrator may reopen a proceeding based on newly discovered evidence. *Id.* at 733–734. Reopening a proceeding is fundamentally different than remanding for further proceedings. Therefore, the Court will amend the judgment to explicitly state what was implicitly intended, which was remand for further proceeding on remedies.

MultiCare also argues that, if the matter is remanded, the Court should assign it to a different arbitrator. Dkt. 46 at 7. While some authority does exist for a reassignment, MultiCare has failed to show any evidence of an act that "compromises the appearance of impartiality to which the parties are entitled . . . ." *Grand Rapids Die Casting Corp. v. United Automobile, Aerospace & Agric. Implement Workers of America*, 684 F .2d 413, 416-17 (6th Cir. 1982). Therefore, the Court denies MultiCare's request for reassignment.

### III. ORDER

Therefore, it is hereby **ORDERED** that WSNA's motion clarification of order (Dkt. 41) is **DENIED as moot** and motion to amend judgment (Dkt. 43) is **GRANTED**. The Clerk shall issue an **AMENDED JUDGMENT** that includes the directive to remand the matter to the arbitrator for further consideration.

Dated this 8th day of February, 2017.

BENJAMIN H. SETTLE  
United States District Judge